# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LES GIBLIN LLC,                                  )
                                                 )
                                                 )
                                                 )   Case No:  2:20-cv-13827-WJM-MF
                        Plaintiff,               )
                                                 )
        v.                                       )
                                                 )
HECTOR M. LAMARQUE, PRIMERICA, INC.,             )
PRIMERICA FINANCIAL SERVICES, LLC,               )
PFS INVESTMENTS, INC., AND PRIMERICA             )
CONVENTION SERVICES INC.,                        )
                                                 )
                                                 )
                        Defendants.              )
                                                 )
_____          )

---

## MEMORANDUM OF LAW IN IN SUPPORT OF DEFENDANT
## HECTOR M. LA MARQUE'S MOTION TO DISMISS

---

On the Brief:
Elaine S. Kusel, Esq.
Stephen G. Larson, Esq.
Richard C. Harlan, Esq.

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................. 1

II.  FACTUAL BACKGROUND................................................................. 1

III. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL
     JURISDICTION ................................................................................. 4

     A.   Legal Standard ........................................................................ 4

     B.   The Court Does Not Have Personal Jurisdiction Over Hector La Marque............. 4

          1.   Hector La Marque is Not Subject to General Jurisdiction in New Jersey .. 4

          2.   Hector La Marque is Not Subject to Specific Jurisdiction in New Jersey.. 6

     C.   The Court Should Deny Plaintiff's Request for Jurisdictional Discovery........... 12

IV.  THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM
     UPON WHICH RELIEF CAN BE GRANTED ............................................... 13

     A.   Legal Standard ........................................................................ 13

     B.   Plaintiff's First Cause of Action for Direct Copyright Infringement Should Be
          Dismissed With Prejudice ........................................................ 14

          1.   Plaintiff's Claim Fails as a Matter of Law Because The Complaint Fails to
               Allege Actionable Copying........................................................ 14

          2.   The Allegedly Infringing Recordings are Not Substantially Similar to Skill
               With People........................................................................ 16

          3.   The Court Should Dismiss Plaintiff's Direct Copyright Infringement
               Claim Based on Fair Use ........................................................ 18

     C.   Because the Complaint Fails to State a Claim for Direct Copyright Infringement,
          Plaintiff's Claims for Contributory and Vicarious Copyright Infringement Also
          Fail .................................................................................... 20

     D.   The Complaint Fails to State a Claim for Contributory Copyright Infringement.....
          .................................................................................... 21

E. The Complaint Fails to State a Claim for Vicarious Copyright Infringement...... 22

F. Plaintiff's Common Law Right of Publicity Fails as a Matter of Law................ 23

G. Leave to Amend Plaintiff's Complaint Would Be Futile .................................... 25

V. CONCLUSION.................................................................................................................... 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMC Tech., L.L.C. v. SAP AG,*
  2005 WL 3008894 (E.D. Pa. Nov. 3, 2005) ........................................................22

*Arista Records, Inc. v. Flea World, Inc.,*
  2006 WL 842883 (D.N.J. Mar. 31, 2006)............................................................21

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)............................................................................................13

*Beom Su Lee v. Karaoke,*
  2019 WL 2537932 (D.N.J. June 19, 2019) .........................................................26

*Bisbee v. John C. Conover Agency, Inc.,*
  186 N.J.Super. 335 (1982) ..................................................................................25

*Buccellati Holding Italia SPA v. Laura Buccellati, LLC,*
  935 F. Supp. 2d 615 (S.D.N.Y. 2013)....................................................................9

*Burger King Corp v. Rudzewicz,*
  471 U.S. 462 (1985)..............................................................................................4

*Campbell v. Acuff–Rose Music, Inc.,*
  510 U.S. 569 (1994)......................................................................................19, 20

*Campbell v. Walt Disney Co.,*
  718 F.Supp.2d 1108 (N.D. Cal. 2010) ................................................................26

*Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.,*
  150 F.3d 132 (2d Cir. 1998)................................................................................15

*Clark v. Transp. Alts., Inc.,*
  2019 WL 1448448 (S.D.N.Y. Mar. 18, 2019) ....................................................18

*Columbia Pictures Indus., Inc. v. Redd Horne, Inc.,*
  749 F.2d 154 (3d Cir. 1984)................................................................................21

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014)..............................................................................................5

*Dastar Corp. v. Twentieth Century Fox Film Corp.,*
  539 U.S. 23 (2003)..............................................................................................24

*Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*,
307 F.3d 197 (3d Cir. 2002) ..................................................................15

*Ethypharm S.A. France v. Abbott Labs.*,
707 F.3d 223 (3d Cir. 2013) ..................................................................19

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ..............................................................14, 15, 16

*Fisher v. Teva PFC, SRL*,
2005 WL 2009908 (D.N.J. Aug. 16, 2005), *aff'd*, 212 F. App'x 72 (3d Cir. 2006) ............................................................................................5

*Foss v. Hayward Indus.*,
384 F. Supp. 3d 132 (D. Mass. 2019) ......................................................26

*Getting Grace Film, LLC v. Hannover House, Inc.*,
2020 WL 5339357 (E.D. Pa. Sept. 4, 2020) ..............................................8

*Gordon v. Pearson Educ., Inc.*,
85 F. Supp. 3d 813 (E.D. Pa. 2015) ........................................................22

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
590 F. Supp. 2d 625 (S.D.N.Y. 2008) ......................................................17

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
471 U.S. 539 (1985) ..............................................................................19

*Harris v. Sportbike Track Gear*,
2015 WL 5648710 (D.N.J. Sept. 24, 2015) ..............................................11

*Hassett v. Hasselbeck*,
177 F. Supp. 3d 626 (D. Mass. 2016) ..................................................15, 16

*Hughes v. Benjamin*,
437 F. Supp. 3d 382 (S.D.N.Y. 2020) ......................................................18

*IMO Indus., Inc. v. Kiekert AG*,
155 F.3d 254 (3d Cir. 1998) ....................................................................6

*Inno360, Inc. v. Zakta, LLC*,
50 F. Supp. 3d 587 (D. Del. 2014) ............................................................7

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ................................................................................4

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873 (2011) ..............................................................................10

iv

*Johnson v. Barrier*,
  2016 WL 3520157 (N.D. Ill. June 28, 2016) .................................................................10

*Keeton v. Hustler Magazine, Inc*.,
  465 U.S. 770 (1984) ..........................................................................................................8

*Kelly-Brown v. Winfrey*,
  717 F.3d 295 (2d Cir. 2013) ............................................................................................18

*Kepner-Tregoe, Inc. v. Tracy Learning, Inc*.,
  2009 WL 235044 (D.N.J. Jan. 29, 2009) ..........................................................................7

*Kloth v. Christian University*,
  494 F.Supp.2d 273 (D. Del.2007) .....................................................................................7

*LaSala v. Marfin Popular Bank Public Co., Ltd*.,
  410 Fed.Appx. 474 (3d Cir. 2011) ..................................................................................13

*LMNOPI v. XYZ Films, LLC*,
  449 F. Supp. 3d 86 (E.D.N.Y. 2020) ..............................................................................16

*Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
  107 F.3d 1026 (3d Cir. 1997) ..........................................................................................12

*Metcalfe v. Renaissance Marine, Inc*.,
  566 F.3d 324 (3d Cir. 2009) ..............................................................................................4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*.,
  545 U.S. 913 (2005) ........................................................................................................20

*Morrow v. Balaski*,
  719 F.3d 160 (3d Cir. 2013) ............................................................................................14

*Morse v. Lower Merion Sch. Dist*.,
  132 F.3d 902 (3d Cir. 1997) ............................................................................................13

*Obado v. Magedson*,
  2014 WL 3778261 (D.N.J. July 31, 2014), *aff'd*, 612 F. App'x 90 (3d Cir.
  2015) ................................................................................................................................25

*Orson, Inc. v. Miramax Film Corp*.,
  189 F.3d 377 (3d Cir. 1999)............................................................................................23

*Parker v. Paypal, Inc*.,
  2017 WL 3508759 (E.D. Pa. Aug. 16, 2017) ..................................................................22

*Parker v. Yahoo!, Inc*.,
  2008 WL 4410095 (E.D. Pa. Sept. 25, 2008) ..................................................................20

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) .......................................................22

*Phillips v. Cty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008)..........................................................13

*Ponzio v. Mercedes-Benz USA, LLC*,
  447 F. Supp. 3d 194 (D.N.J. 2020) .................................................6

*Prima v. Darden Rests., Inc.*,
  78 F.Supp.2d 337 (D.N.J. 2000) ............................................23, 25

*Quadratec, Inc. v. Turn 5, Inc.*,
  2015 WL 4876314 (E.D. Pa. Aug. 13, 2015) ..............................24

*Raucci v. Candy & Toy Factory*,
  145 F. Supp. 3d 440 (E.D. Pa. 2015) ...........................................23

*Reading v. Sandals Resorts Intern., Ltd.*,
  2007 WL 952031 (D.N.J. Mar. 28, 2007)....................................13

*Reliance Steel Prod. Co. v. Watson, Ess, Marshall & Enggas*,
  675 F.2d 587 (3d Cir. 1982)............................................................5

*Remick v. Manfredy*,
  238 F.3d 248 (3d Cir. 2001)..........................................................11

*Rocke v. Pebble Beach Co.*,
  541 F. App'x 208 (3d Cir. 2013) .....................................................8

*Schiffer Publ'g, Ltd. v. Chronicle Books*,
  LLC, 350 F. Supp. 2d 613 (E.D. Pa. 2004)..................................24

*Shaffer v. Heitner*,
  433 U.S. 186 (1977).........................................................................4

*Skidmore v. Led Zeppelin*,
  106 F. Supp. 3d 581 (E.D. Pa. 2015) ...........................................10

*Southern Seafood Co. v. Holt Cargo Systems, Inc.*,
  1997 WL 539763 (E.D. Pa. Aug. 11, 1997) .................................13

*Stewart v. Abend*,
  495 U.S. 207 (1990).......................................................................19

*Tanksley v. Daniels*,
  902 F.3d 165 (3d Cir. 2018)...........................................14, 15, 16

*TCA Television Corp. v. McCollum*,
 839 F.3d 168 (2d Cir. 2016)................................................................18

*Tech. Based Solutions, Inc. v. Elecs. Col1. Inc.*,
 168 F.Supp.2d 375 (E.D.Pa.2001) ......................................................24

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
 735 F.2d 61 (3d Cir. 1984)................................................................4, 5

*Tocci v. Antioch Univ.*,
 2007 WL 2362592 (D.N.J. Aug. 15, 2007) ..........................................7

*Toys "R" Us, Inc. v. Step Two, S.A.*,
 318 F.3d 446 (3d Cir. 2003).......................................................7, 12, 13

*Triangle Publications, Inc. v. Sports Eye, Inc.*,
 415 F. Supp. 682 (E.D. Pa. 1976) ......................................................16

*Troll Co. ApS, v. Russ Berrie & Co., Inc.*,
 290 F.3d 548 (3d Cir. 2002)...............................................................14

*Ty, Inc. v. Publ'ns Int'l Ltd.*,
 292 F.3d 512 (7th Cir. 2002) .............................................................20

*Walden v. Fiore*,
 571 U.S. 277 (2014)............................................................................9

*Walker v. Time Life Films, Inc.*,
 615 F.Supp. 430 (S.D.N.Y.1985) ......................................................14

*Williams v. Elliott*,
 2020 WL 470308 (E.D. Pa. Jan. 29, 2020) .........................................10

*Witasick v. Estes*,
 2012 WL 3075988 (D.N.J. July 30, 2012)...........................................13

*World-Wide Volkswagen Corp. v. Woodson*,
 444 U.S. 286 (1980)............................................................................4

**Federal Statutes**

17 U.S.C.
 § 101.................................................................................................24
 § 102(b)15.........................................................................................15
 § 107.................................................................................................18
 § 301(a) ............................................................................................23
 § 507(b).............................................................................................10

Federal Rules of Civil Procedure

Rule 8 ................................................................................................................26
Rule 12(b)(2) ............................................................................1, 4, 5, 26
Rule 12(b)(6)................................................................1, 13, 18, 21, 26

## I.  INTRODUCTION

Plaintiff Les Giblin LLC ("Plaintiff") improperly filed this meritless lawsuit against Defendant Hector La Marque ("La Marque") and Defendants Primerica, Inc., Primerica Financial Services, LLC, PFS Investments, Inc., and Primerica Convention Services Inc. (the "Primerica Defendants") in the District of New Jersey based on La Marque's utilization of the "knowledge and techniques" described in Plaintiff's copyrighted book *Skill With People*.  This Court, however, cannot exercise personal jurisdiction over La Marque because La Marque has no contacts with New Jersey whatsoever and the conduct alleged in the Complaint does not "arise out of" or "relate to" any activity in New Jersey.  Furthermore, the Complaint's allegations, even accepted as true, do not support any of Plaintiff's claims as a matter of law.  Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), La Marque respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and without leave to amend for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

## II.  FACTUAL BACKGROUND

Defendant Hector La Marque is domiciled in Las Vegas, Nevada and owns property in Las Vegas, Nevada, Newport Beach, California, and Cabo San Lucas, Mexico.  (Compl. ¶ 25; Declaration of Hector La Marque ("La Marque Decl.") ¶ 2.)  La Marque is a Senior National Sales Director for Primerica, Inc., a Delaware financial services corporation with its principal place of business in Duluth, Georgia.  (Compl. ¶¶ 19, 23.)  La Marque conducts business in twenty-one states, selling Primerica's financial products in California, Alaska, Arkansas, Arizona, Connecticut, Georgia, Hawaii, Kentucky, Massachusetts, Missouri, Mississippi, Nevada, New York, Ohio, Oklahoma, South Carolina, Texas, Utah, Virginia, Vermont and Wisconsin.  (Compl. ¶ 23; La Marque Decl. ¶¶ 4-5, Exs. 1, 2.)  In his role as a Senior National Sales Director, La Marque manages a sales force consisting of 341 Regional Vice Presidents and 10,000 agents.  (Compl. ¶ 10.)

Contrary to Plaintiff's allegations (Compl. ¶¶ 28-29), La Marque does not reside in or

own property in New Jersey and does not conduct or maintain a place of business in New Jersey. (La Marque Decl. ¶¶ 2, 6.)  No one in La Marque's sales force is a resident of New Jersey and none of them conduct Primerica-related business in New Jersey.  (*Id*. at ¶ 8.)  La Marque also keeps no bank account, maintains no mailing address, and has designated no agent for service of process in New Jersey.  (*Id*. at ¶ 6.)  Nor has La Marque attended or presented at any Primerica conferences or meetings in New Jersey.  (*Id*. at ¶ 9.)

La Marque owns the website www.hectorlamarque.com.  (Compl. ¶ 10.)  This website does not specifically target and is not otherwise aimed at New Jersey or residents of New Jersey. (La Marque Decl. ¶ 11.)  Rather, La Marque's website is universally accessible and is aimed at providing career advice and sales training for Primerica's sales representatives throughout the United States and Canada.  (*Id*.)  As a training and motivational tool, La Marque sells online training audio recordings exclusively through his website.  (*Id*. at ¶¶ 10, 13.)  These audio recordings are marketed solely through La Marque's personal Twitter account.  (*Id*. at ¶ 12.)  La Marque has never directly marketed his audio recordings in New Jersey or targeted any of his Twitter posts at New Jersey residents.  (*Id*.)  Like his website, his Twitter account is universally accessible and is aimed primarily at Primerica's sales representatives in the United States and Canada.  (*Id*..)

The Complaint alleges that La Marque infringed Plaintiff's copyright in *Skill With People* by selling audio recordings that incorporated the text of *Skill With People* without Plaintiff's permission.  (Compl. ¶ 12.)  Of the 480 audio recordings available for purchase nationwide, only four of them make any mention of *Skill With People:* (i) SKU# HL-0055 created in October 2003; (ii) SKU# HL-0078 created in June 2011; (iii) SKU# HL-0187 created on April 13, 2003; and (iv) SKU# HL-0190 created on April 30, 2013 (collectively, the "Infringing Recordings"). (La Marque Decl. ¶ 13.)  In total, the Infringing Recordings were purchased individually from La Marque's website a total of forty-four times.  (*Id*. at ¶ 14.)  None of these transactions were made by an individual with a billing address in New Jersey.  (*Id*.)  It is also impossible to know if any of the Infringing Recordings were otherwise downloaded in New Jersey or by a New Jersey

2

resident from La Marque's website.  (*Id*. at ¶ 15.)

The Complaint further alleges that La Marque infringed *Skill With People* by publicly displaying and publicly performing portions of the book at Primerica's annual conferences and by recording and publishing audio visual recordings of La Marque's performance on YouTube. (Compl. ¶ 56.)  From October 2, 2017 to the present (*i.e.*, the limitations period for Plaintiff's copyright infringement claims), Primerica has not held any annual conferences in New Jersey and La Marque has not given any speeches in New Jersey that quote from *Skill With People*.  (La Marque Decl., ¶ 9.)  Notably, the conference referred to in the Complaint—Primerica's 2018 West Coast Convention—took place in Ontario, California.  (*Id*. at ¶ 19.)  As such, the YouTube video referred to in the Complaint was recorded in California, not New Jersey, by an attendee of the conference.  (*Id*. at ¶ 20.)  In fact, this YouTube video, incorporated by reference in the Complaint, of La Marque's speech was not posted by La Marque or on La Marque's online platforms.  (*Id*.)  Put simply, La Marque has no connections in any way to New Jersey to justify hauling him across the country to New Jersey to defend this baseless lawsuit.

La Marque rejects Plaintiff's allegations that Les Gliblin's *Skill With People* was the reason for a "significant portion" of his success.  (*Id*. at ¶ 16.)  Indeed, La Marque had already amassed a considerable fortune before even discovering *Skill With People*.  (*Id*..)  Nonetheless, La Marque found the "knowledge and techniques" described in *Skill With People* as a helpful resource for Primerica's sales representatives.  (*Id*. at ¶ 17.)  As such, La Marque listed the book for sale on his website, otherwise encouraged Primerica's sales representatives to read and purchase the book, promoted the book on his Twitter account, and taught Primerica's sales representative, through the allegedly Infringing Recordings and conference speeches, about how they could apply the "knowledge and techniques" referenced in the book to further their careers. (*Id*. at ¶ 18; Compl. ¶¶ 52, 61.)   Moreover, on each of these platforms and mediums, La Marque provided attribution to Les Giblin.  (*Id*. at ¶ 22; Compl. ¶¶ 52, 61.)  His promotion of *Skill With People* increased its popularity and resulted in additional sales of the work.  For the reasons discussed below, La Marque did not infringe Plaintiff's copyright in *Skill With People*.

III.  **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

A.  **Legal Standard**

The Plaintiff bears the burden of establishing personal jurisdiction.  *Metcalfe v. Renaissance Marine, Inc*., 566 F.3d 324, 330 (3d Cir. 2009).  Once a motion under Fed. R. Civ. P. 12(b)(2) has been brought, the plaintiff "must come forward with facts sufficient to establish by a preponderance of evidence that the district court has personal jurisdiction" over the defendant, supported by affidavits or other evidence.  *See Time Share Vacation Club v. Atlantic Resorts, Ltd*., 735 F.2d 61, 65 (3d Cir. 1984).  If the plaintiff fails to meet its burden, a complaint must be dismissed.  *Metcalfe*, 566 F.3d at 330.

B.  **The Court Does Not Have Personal Jurisdiction Over Hector La Marque**

Personal jurisdiction under the Due Process Clause of the Fourteenth Amendment requires proof of a sufficient "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).  Due process requires that a non-resident defendant have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal jurisdiction exists when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (holding the defendant's conduct and connection with the forum state should be such that he should reasonably anticipate being haled into court there).  Personal jurisdiction can either be "general" or "specific."  *Metcalfe*, 566 F.3d at 334.  In this case, Plaintiff cannot meet its burden under either theory.

1.  Hector La Marque is Not Subject to General Jurisdiction in New Jersey

For general jurisdiction to exist, the defendant's contacts with the forum state must be so

4

"continuous and systematic" such that the defendant is "essentially at home" in the forum state. *See Fisher v. Teva PFC, SRL*, 2005 WL 2009908, at *2 (D.N.J. Aug. 16, 2005), *aff'd*, 212 F. App'x 72 (3d Cir. 2006); *Reliance Steel Prod. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (holding the facts must be "extensive and persuasive" for plaintiff to meet the higher threshold of establishing general jurisdiction). Only a limited set of affiliations with a forum establishes general jurisdiction. See *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id*.

Here, the Court lacks general jurisdiction over La Marque because he is not domiciled in New Jersey, he does not own property in New Jersey, and he does not conduct or maintain a place of business in New Jersey. *See* La Marque Decl. ¶¶ 2-5. La Marque also "has no employees, keeps no bank account, operates no offices, maintains no mailing address, and has designated no agent for service of process in New Jersey." *Fisher*, 2005 WL 2009908, at *4; La Marque Decl. ¶¶ 6-7. Plaintiff's conclusory allegations that La Marque resides in New Jersey or does business in New Jersey (Compl., ¶¶ 28, 29) are insufficient to survive a 12(b)(2) motion to dismiss.[1] *See Time Share*, 735 F.2d at 66, n.9 (holding plaintiff cannot simply rely upon conclusory allegations or "bare pleadings alone in order to withstand a defendant's R.12(b)(2) motion to dismiss for lack of in personam jurisdiction.")

La Marque is a resident of Nevada, owns property in Nevada, California and Mexico, and conducts his business in California, Alaska, Arkansas, Arizona, Connecticut, Georgia, Hawaii, Kentucky, Massachusetts, Missouri, Mississippi, Nevada, New York, Ohio, Oklahoma, South Carolina, Texas, Utah, Virginia, Vermont and Wisconsin. (La Marque Decl. ¶¶ 4-5, Exs. 1, 2.) Therefore, because La Marque's contacts with New Jersey are virtually nonexistent, as opposed to continuous or systematic, the Court lacks general jurisdiction over La Marque.

---

[1] Indeed, Plaintiff's own allegations contradict its allegations that La Marque "resides" in New Jersey as the Complaint itself alleges that "La Marque has residents in Las Vegas, Nevada, Scottsdale, Arizona, and Glendale, California." (Compl. ¶ 25.)

2.      Hector La Marque is Not Subject to Specific Jurisdiction in New Jersey

To establish specific jurisdiction, Plaintiff must show that La Marque has constitutionally sufficient "minimum contacts" with New Jersey.  *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).  Three requirements must be met for specific jurisdiction to exist: (i) the defendant must have "purposefully directed [his] activities at the forum; (ii) the litigation must "arise out of or relate to" at least one of those activities; and, only if the prior two requirements are met, (iii) a court may consider whether the exercise of jurisdiction otherwise comports with the notions of "fair play and substantial justice."  *See Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 215 (D.N.J. 2020) (citing *O'Connor v. Sandy Lane Hotel, Co.*, 496 F.3d 312, 317 (3d Cir. 2007)).

Plaintiff cannot meet any of these three requirements, let alone all of them.  In fact, Plaintiff has failed to allege *any* contacts that La Marque had with New Jersey.  The Complaint vaguely alleges that La Marque is a "Senior National Sales Director with Primerica Parent since 1983, providing Investment & Savings services under licenses in twenty-one states, and Term Life Insurance services in six states, Auto & Homeowners Insurance Referral Program services and "The Primerica Business Opportunity" services throughout the United States."  (Compl. ¶ 23.)  However, the Complaint does not allege that any of those states are New Jersey, and in fact, La Marque's online Primerica profile—where Plaintiff presumably obtained this information— does not list New Jersey as one of the states where La Marque provides any of the aforementioned services.  (La Marque Decl. ¶¶ 4-5, Exs. 1, 2.)

The Complaint is also completely devoid of any facts that show how La Marque "purposefully directed" his activities at New Jersey residents.  Instead, Plaintiff conclusory alleges that "in connection with the unauthorized audio recordings, Defendants use the Giblin Likeness and brand in various external locations to draw consumers to the point of purchase of Defendants' products, without permission."  (Compl. ¶ 57.)  These "various external locations" seem to refer to La Marque's personal website and social media accounts.  (*Id*. at ¶¶ 49-56, 59.)  However, to establish minimum contacts based on La Marque's online activity, "there must be

evidence that [La Marque] purposefully availed [himself] of conducting activity in the forum state, by directly targeting [his] web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

La Marque has never specifically targeted New Jersey through his website or social media accounts. (La Marque Decl. ¶¶ 11-12.) Nor has La Marque directly marketed his website or online training audio recordings to New Jersey residents. (*Id.*.) The online training audio recordings are sold exclusively through www.hectorlamarque.com and La Marque markets these materials solely through his Twitter account. (*Id.* at ¶¶ 12-13.) Moreover, no one in New Jersey individually purchased any of the four allegedly infringing audio recordings. (Id. at ¶ 14.) There is also no evidence that the four allegedly infringing audio recordings were downloaded in New Jersey or by a New Jersey resident. (Id. at ¶ 15.) Insofar as the Complaint alleges that La Marque infringed Plaintiff's copyright in *Skill With People* by listing the book for sale on his website (Compl. ¶ 50) or by referencing it on Twitter (Compl. ¶ 56), this conduct, without more, is "not an act by which a party purposefully avails itself of the privileges of conducting business in the forum state." *Tocci v. Antioch Univ.*, 2007 WL 2362592, *3 (D.N.J. Aug. 15, 2007) (finding a publication of a page on a website, without more, to be insufficient to show personal jurisdiction).[2] Lastly, to the extent Plaintiff is relying on the alleged Primerica sales conventions for specific jurisdiction, Primerica has never hosted one of its sales conventions in New Jersey.

---

[2] Courts within the Third Circuit have traditionally required "something more" from defendants other than the knowledge that their website could be viewed or that their product could be used in a forum state to support a finding of specific jurisdiction. *See, e.g., Kloth v. Christian University*, 494 F.Supp.2d 273, 279–80 (D. Del.2007) (finding that a university did not purposefully avail itself of doing business within Delaware by using a website that advertised its "distance learning" program without "something more"); *Inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 595 (D. Del. 2014) (finding no specific jurisdiction where the plaintiff did not provide any evidence to show that Delaware residents have in fact paid for defendant's search services or that defendant has targeted its search services at Delaware through directed marketing or otherwise); *Kepner-Tregoe, Inc. v. Tracy Learning, Inc*., 2009 WL 235044, at *3 (D.N.J. Jan. 29, 2009).

(La Marque Decl. ¶ 9.)  Primerica's 2018 West Coast Conference, where Plaintiff alleges La

Marque infringed Plaintiff's copyrighted work by publicly displaying and performing portions of

*Skill With People* to thousands of Primerica sales agents, took place in Ontario, California. (Id. at

¶ 19.)  In sum, Plaintiff cannot satisfy the first prong for specific jurisdiction because there is no

evidence that La Marque "purposefully directed" any of his activities at New Jersey.

 Moreover, this Court does not have specific jurisdiction over La Marque simply because

the Primerica Defendants may conduct business in New Jersey.  "Each defendant's contacts with

the forum [s]tate must be assessed individually," and "jurisdiction over an employee does not

automatically follow from jurisdiction over the corporation which employs him."  *Keeton v.*

*Hustler Magazine, Inc*., 465 U.S. 770, 781, n. 13 (1984).  In *Nicholas v. Saul Stone & Co*., the

Third Circuit affirmed the district court's findings that it lacked personal jurisdiction over the

individual defendants—who were officers of the corporate defendant—because the individual

defendants took no action by which they purposefully availed themselves of the privilege of

conducting activities in New Jersey.  224 F.3d 179, 184 (3d Cir. 2000).  Here, like the individual

defendants in *Nicholas,* this Court does not have specific jurisdiction over La Marque simply

because he is a Senior National Sales Director for the Primerica Defendants because, as

discussed above, Plaintiff cannot establish that La Marque had the requisite minimum contacts in

his individual capacity to justify haling La Marque to New Jersey to defend this lawsuit.  *See*

*Nicholas*, 224 F.3d at 184; *Getting Grace Film, LLC v. Hannover House, Inc*., 2020 WL

5339357, at *6 (E.D. Pa. Sept. 4, 2020) (finding the court did not have personal jurisdiction over

individual defendants despite having specific jurisdiction over the corporate defendants).

 Although the Court need not address the remaining requirements for specific jurisdiction

because Plaintiff cannot show that La Marque "purposefully directed" any activity in New

Jersey, Plaintiff also cannot meet its burden of showing that its copyright infringement and right

of publicity claims "arise out of" or "are related to" La Marque's conduct in New Jersey.  *See*

*Rocke v. Pebble Beach Co*., 541 F. App'x 208, 211 (3d Cir. 2013).  Without any explanation,

Plaintiff alleges that La Marque committed the "acts of infringement and misappropriation of

property in the State of New Jersey and in this judicial district." (Compl. ¶ 28.) On the face of the Complaint, it seems that Plaintiff bases these conclusory allegations on Plaintiff's own discovery in late 2019 of the facts alleged herein, which presumably took place in New Jersey as Plaintiff is a New Jersey limited liability company with its principal place of business in New Jersey. (*Id*. ¶¶ 18, 28.) However, the fact that Plaintiff itself learned of La Marque's allegedly infringing activities by accessing La Marque's website and social media accounts while Plaintiff was in New Jersey does not create specific jurisdiction because it is La Marque's activities, and not those of Plaintiff, that control. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (holding that due process limits on the state's adjudicative authority protects the liberty of the nonresident defendant, not the convenience of plaintiffs); *see also Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 935 F. Supp. 2d 615, 622 (S.D.N.Y. 2013) (finding no personal jurisdiction where defendant had no office, employees, sales representatives, distributors, or retailers in forum, and only sale of infringing goods in the forum was to plaintiff's own investigator).

Here, the Complaint alleges that La Marque infringed its copyright in *Skill With People* and misappropriated the Giblin Likeness through (i) the creation and sale of the alleged Infringing Recordings; (ii) publicly displaying portions of *Skill With People* to thousands of Primerica sales agents at Primerica's annual conferences; (iii) publicly performing portions of the book at these conferences; (iv) making audio visual recordings of these performances and distributing them on YouTube; and (v) copying portions of the book to his social media platforms. (Compl. ¶ 56.) None of this allegedly infringing conduct, however, arises out of or relates to any actions taken by La Marque or anybody for that matter within New Jersey.

*First*, La Marque did not create the alleged Infringing Recordings in New Jersey and there is no evidence that a New Jersey resident individually purchased the alleged Infringing Recordings or otherwise listened to or downloaded them.[3] (La Marque Decl. ¶¶ 13-15); *see also*

---

[3] Even if Plaintiff could somehow prove that La Marque sold the alleged Infringing Recordings through his website to a New Jersey resident after October 2, 2017, there is no evidence of geographically-focused targeting that could subject La Marque to personal jurisdiction on the

*Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 588 (E.D. Pa. 2015) (finding no specific jurisdiction where there is no evidence that the individual defendants had any control over where the allegedly infringing songs and book were distributed); *Williams v. Elliott*, 2020 WL 470308, at \*5 (E.D. Pa. Jan. 29, 2020) (finding plaintiff could not establish specific jurisdiction by vaguely alleging that the infringing songs were created and sold in the forum state). Moreover, La Marque created the alleged Infringing Recordings in October 2003 [SKU# HL-0055], June 2011 [SKU# HL-0078], April 16, 2013 [SKU# HL-0187] and April 30, 2013 [SKU# HL-0190]. (*Id*. ¶¶ 23-26.) Given the three-year statute of limitations for copyright claims, 17 U.S.C. § 507(b), and that Plaintiff filed this case on October 2, 2020, this case can only involve acts of infringement arising after October 2, 2017. Thus, the creation of the alleged Infringing Recordings alone cannot serve as a basis for personal jurisdiction because La Marque recorded them beyond the three-year statute of limitations. *See Skidmore,* 106 F. Supp. 3d at 587 (E.D. Pa. 2015) (ruling that concerts that occurred in the forum state beyond the three year statute of limitations for copyright infringement were not relevant to the court's personal jurisdiction analysis).

     *Second*, Plaintiff cannot show that La Marque publicly displayed or publicly performed portions of *Skill With People* in New Jersey. From 2017 to the present, Primerica did not hold any of its annual conferences in New Jersey. (La Marque Decl. ¶ 9.) Even though not alleged, the possibility that a resident of New Jersey may have attended one of these conferences also does not support a finding of specific jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) (holding that defendant's employees attendance at trade shows in several states, but not in New Jersey, could not serve as a basis to show that defendant purposefully availed itself of the New Jersey market). With regards to the Complaint's allegations arising out

---

bases of any alleged online sales. *See, e.g., Johnson v. Barrier*, 2016 WL 3520157, at \*5 (N.D. Ill. June 28, 2016) (finding online sales of infringing product, even if proven, insufficient to establish personal jurisdiction because plaintiff did not show how the sales had a meaningful connection to the forum).

of Primerica's 2018 West Coast Conference, where Plaintiff alleges that La Marque displayed, published and performed quotes from *Skill With People* in violation of its copyright, that conference took place in Ontario, California.  (La Marque Decl. ¶ 19.)  Thus, these actions do not arise out of or relate to any conduct in New Jersey.

*Third*, La Marque did not make any audio visual recordings in New Jersey, did not distribute any audio visual recordings on YouTube directly targeting residents of New Jersey, and the social media posts that quoted from *Skill With People* were not expressly aimed at New Jersey.[4]  (La Marque Decl. ¶¶ 11-12.)  La Marque's website and his social media accounts can be viewed by anyone worldwide and are aimed at providing sales training and motivational tools for Primerica's sales representatives throughout the United States and Canada.  (*Id.*.)  Here, Plaintiff cannot satisfy the second prong for specific jurisdiction based on La Marque's online presence because none of the La Marque's alleged infringing activity online relates to New Jersey in anyway.  As the Third Circuit succinctly put it: "the mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction." *Remick v. Manfredy*, 238 F.3d 248, 259, n. 3 (3d Cir. 2001); *see also Harris v. Sportbike Track Gear*, 2015 WL 5648710, at *5 (D.N.J. Sept. 24, 2015) (defendant could not have reasonably anticipated being hauled into New Jersey court simply because it maintains a universally accessibly website as well as social media platforms accessible in the United States).  Accordingly, because the Complaint fails to articulate how La Marque's alleged infringing activity "arose out of" or "related to" La Marque's contacts with New Jersey, Plaintiff fails to satisfy the second requirement for specific jurisdiction.

Finally, even if Plaintiff could establish the "purposeful direction" and "arising out of" elements—which it cannot—exercising jurisdiction over La Marque would be unreasonable in this case.  The Complaint fails to plead that La Marque engaged in any activities that would

---

[4] The YouTube video referred to in the Complaint that had "been viewed over 2,800 times since August 2018" (Compl. ¶ 62) was posted by a non-party to this lawsuit.  *See* La Marque Decl. ¶ 20 .  This video was not posted on Primerica or La Marque's online platforms.  (*Id.*)

justify hailing him across the country into New Jersey court, or subjecting him to New Jersey laws.  La Marque has not availed himself of the privilege of the laws and protections of the Commonwealth of New Jersey as La Marque neither resides or conducts business in New Jersey. If forced to defend himself in New Jersey, the burden upon La Marque would be substantial because no agents, witnesses or documents relevant to this lawsuit are in the forum.  This Court, therefore, should dismiss La Marque from this lawsuit for lack of specific jurisdiction.

### C.    The Court Should Deny Plaintiff's Request for Jurisdictional Discovery

Here, the Court should not permit Plaintiff to conduct jurisdictional discovery in order to meet its burden of showing personal jurisdiction over La Marque.  The Third Circuit has ruled that "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"  *Toys "R" Us*, 318 F.3d at 456.  A claim of jurisdiction is "clearly frivolous" if the plaintiff cannot establish facts that suggest with reasonable particularity the possible existence of the requisite 'contacts between the defendant and the forum state.  *Id*. Where the defendant is an individual, the presumption in favor of discovery is reduced.  *See Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (affirming the denial of jurisdictional discovery to establish personal jurisdiction over individual defendant where the plaintiff's claim of jurisdiction was based on unsupported allegations).

The Complaint's vague allegations regarding La Marque's business activities, *namely*, alleging the number of states where La Marque offers Primerica's financial services without expressly identifying those states, implies that Plaintiff *knew* that this Court did not have personal jurisdiction over La Marque from the outset—especially given the availability of this information on Primerica's website.  (Compl. ¶ 23.)  Nevertheless, Plaintiff attempted to manufacture jurisdiction through improper vague allegations without any regard for La Marque's right to due process.

The evidence submitted by La Marque reveals that Plaintiff's claim of jurisdiction is "clearly frivolous" as it forecloses Plaintiff's ability to show with reasonable particularity the

possible existence of the requisite contacts between La Marque and New Jersey.  *See* Toys "R" Us, 318 F.3d at 456.  Courts in the Third Circuit have consistently rejected requests for jurisdictional discovery under similar circumstances.  *See, e.g., Witasick v. Estes*, 2012 WL 3075988, at *7 (D.N.J. July 30, 2012) (denying jurisdictional discovery where plaintiffs provided no basis upon which it could be inferred that defendants would have documents to support their allegation that they transacted business in New Jersey); *Reading v. Sandals Resorts Intern., Ltd*., 2007 WL 952031, at *3–4 (D.N.J. Mar. 28, 2007) (denying jurisdictional discovery because claim was "clearly frivolous" and finding only connection with New Jersey to be plaintiff's residence in New Jersey); *Southern Seafood Co. v. Holt Cargo Systems, Inc*., 1997 WL 539763, at *8 (E.D. Pa. Aug. 11, 1997) (denying jurisdictional discovery where defendants submitted affidavits attesting to a lack of jurisdictional contacts and plaintiffs countered with affidavits of mere speculation).

Permitting jurisdictional discovery would amount to nothing more than a "fishing expedition based only upon bare allegations."  *See LaSala v. Marfin Popular Bank Public Co., Ltd*., 410 Fed.Appx. 474, 478 (3d Cir. 2011).  In the interests of judicial economy, the Court should therefore deny Plaintiff the opportunity to conduct jurisdictional discovery.

## IV.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.   Legal Standard

A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).   A complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ethypharm S.A. France v. Abbott Labs*., 707 F.3d 223, 231 n. 14 (3d Cir. 2013).  A conclusory recitation of the elements of a cause of action is not sufficient.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir.

2008). The plaintiff must allege facts necessary to make out each element.  *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)).  This Court "[is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'"  *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

### B.    Plaintiff's First Cause of Action for Direct Copyright Infringement Should Be Dismissed With Prejudice

To state a claim for copyright infringement, a plaintiff must allege "two essential elements: ownership of copyright, and copying by the defendant." *Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc*., 290 F.3d 548, 561 (3d Cir. 2002).  For purposes of this motion, La Marque does not dispute that Plaintiff has sufficiently alleged ownership of the copyright in *Skill With People*.  (Compl. ¶¶ 33, 51, 56.)  However, Plaintiff has not and cannot show that La Marque's use of *Skill With People* constitutes actionable copying under the Copyright Act.

In evaluating a motion to dismiss a copyright infringement claim, courts within the Third Circuit are not limited to the four corners of the complaint.  *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018).  Instead, courts are permitted to consider evidence "integral to or explicitly relied upon" in the complaint, which necessarily include the copyrighted and the allegedly infringing works.  *Id*.  In this copyright infringement action, "the works themselves supersede and control contrary descriptions of them," including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings."  *See Walker v. Time Life Films, Inc*., 615 F.Supp. 430, 434 (S.D.N.Y.1985).  For the reasons below, the Court should dismiss Plaintiff's direct copyright infringement claim without leave to amend.

### 1.    Plaintiff's Claim Fails as a Matter of Law Because The Complaint Fails to Allege Actionable Copying

"Not all copying … is copyright infringement." *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991).  The second element of a direct copyright infringement

claim—unauthorized copying—is comprised of two components: actual copying and material appropriation of the copyrighted work.  *See Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc*., 150 F.3d 132, 137 (2d Cir. 1998).  The conceptual distinction between actual copying and material appropriation is foundational to copyright law because not all instances of actual copying give rise to liability, and, conversely, without proof of actual copying the amount of similarity between two works is immaterial.  *See Tanksley,* 902 F.3d at 173.  To survive a motion to dismiss, the Complaint must plead facts that show that La Marque copied *protectable* elements of *Skill With People*.  *See Dun & Bradstreet Software Servs. v. Grace Consulting, Inc*., 307 F.3d 197, 206 (3d Cir. 2002).

While Les Giblin's original expression in *Skill With People* is protected by the Copyright Act, Plaintiff's copyright does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  *Hassett v. Hasselbeck*, 177 F. Supp. 3d 626, 630 (D. Mass. 2016) (citing 17 U.S.C. § 102(b)).  The crux of Plaintiff's direct copyright infringement claim is that La Marque used the "various sales techniques, procedures, plans and sales related training" (Compl., ¶ 56) described in *Skill With People* to train Primerica's sales representative through his online training audio recordings and at annual conventions.  (*Id*. ¶ 48, 51, 56, 60-62.)  However, the "various sales techniques, procedures, plans and sales related training" described in *Skill With People* fall outside of the subject matter that the Copyright Act protects.  *See Feist*, 499 U.S. at 345–46, 359 ("As § 103 makes clear, copyright is not a tool by which a compilation author may keep others from using the facts or data he or she has collected."); *id*. ("[T]he facts contained in existing works may be freely copied because copyright protects only the elements that owe their origin to the compiler—the selection, coordination, and arrangement of facts.")

Throughout *Skill With People*, Mr. Giblin repeatedly referred to the information contained therein as "knowledge and techniques," "principles," "methods," and "formulas," and encouraged his readers "to put this knowledge to work."  (*See, e.g.*, La Marque Decl. ¶ 17, Ex. 3,

15

at 4, 11, 12, 13, 14, 18, 20, 23.)  This is precisely what La Marque did.  A careful review of the four transcripts of the alleged Infringing Recordings shows that La Marque was simply expressing his view as to how Primerica's sales representatives could apply the "knowledge and techniques" conveyed in *Skill With People* to further their careers.  *See generally* La Marque Decl. ¶¶ 17-26, Exs. 4-7.  The transcripts, however, do not show that La Marque copied the selection, coordination, and arrangement of the facts and ideas conveyed in *Skill With People*. Absent this requisite showing, La Marque was free to copy the ideas Mr. Giblin wrote about in *Skill With People* and use that information to educate Primerica's sales representatives.  That *Skill With People* was based on Mr. Giblin's own research and experience is of no consequence because copyright law does not preclude La Marque "from relying on research undertaken by another."  *See Feist*, 499 U.S. at 359.  Similarly, that La Marque used the statistics referenced in *Skill With People*'s Human Insights #1-3 (La Marque Decl. ¶ 17, Ex. 3, at 6-7) in the Infringing Recordings or in his speeches at conventions does not constitute actionable copying because data is not copyrightable.  *See Triangle Publications, Inc. v. Sports Eye, Inc.*, 415 F. Supp. 682, 685 (E.D. Pa. 1976).  To the extent Plaintiff's direct copyright infringement claim rests on La Marque's use of the title *Skill With People*, this also does not constitute actionable copying because book titles themselves are not protected by copyright.  *Tanksley,* 902 F.3d at 173.  At bottom, there is no evidence of actionable copying by La Marque that justifies Plaintiff's claim.

2.      The Allegedly Infringing Recordings are Not Substantially Similar to *Skill With People*

Once these unprotected elements are filtered from consideration, it is implausible that Plaintiff could show that La Marque's audio recordings and Plaintiff's *Skill With People* are substantially similar in the eyes of a reasonable, ordinary observer.  *See Hassett*, 177 F. Supp. 3d at 634.  To prove substantial similarity, Plaintiff must show: (i) that it was protected expression in the earlier work that was copied and (ii) that the amount that was copied is "more than de minimis."  *LMNOPI v. XYZ Films, LLC*, 449 F. Supp. 3d 86, 91 (E.D.N.Y. 2020).  Even where copying undeniably occurs, courts nevertheless consider whether the copying was extensive

enough to warrant litigation. *Id*. That is, "*de minimis non curat lex*—the law does not concern itself with trifles." *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008). Notably, substantial similarity cannot be found where the copying falls below a qualitative and quantitative threshold of observability. *Id*.

In this case, after filtering out the unprotected elements of *Skill With People* from each of the Infringing Recordings, the Court should find that La Marque's copying was *de minimis*. In SKU# HL-0187, La Marque simply references the title "*Skill With People* by Les Giblin" and encourages his listeners to buy and read the book "21 times in 21 days." *See* La Marque Decl. ¶ 25, Ex. 6, at 20:12-22:12. If you filter out the title of Plaintiff's book—which is not protected by copyright law—SKU # HL-0187 would contain no elements at all that would make it substantially similar to *Skill With People*. La Marque reiterated the same message in SKU # HL-0190, which again merely references the *title Skill With People* by Les Giblin and encourages his listeners to purchase a copy on his website. (*Id*. at ¶ 26, Ex. 7, at 2:7-4:1, 8:24-9:2, 25:3-10.) Like SKU # HL-0187, SKU # FL-0190 fails the test for substantial similarity.

The Court should also find that SKU # HL-0055 and SKU # HL-0078 are not substantially similar. After the unprotected elements of *Skill With People* are filtered out, *namely* the "knowledge and techniques," "rules," "methods," "principles," "formulas," and "data," described by Mr. Giblin, SKU # HL-0055 and SKU # HL-0078 reveal only La Marque's original expression as to how these unprotected elements could be applied in Primerica's business model. *See, e.g.,* La Marque Decl. ¶¶ 17, 19, 21, 23, 24; Ex. 4, at 7:9-21, 14:13-32:19, 57:18-58:14, 71:20-72:24; Ex. 5, at 5:15-8:4, 11:15-23, 15:16-17:13, 21:5-22:2, 23:1-24, 24:7-25:24, 27:1-6, 28:2-44:15, 45:5-48:20, 52:3-58:5, 73:11-76:5, 80:25-82:6, 89:15-94:23 . Therefore, SKU # HL-0055 and SKU # HL-0078 also fail the substantial similarity test.

The Court should thus dismiss Plaintiff's direct copyright infringement claim against La Marque because, contrary to the Complaint, La Marque's audio recordings are not substantially similar and any use of *Skill With People* was *de minimis*.

3.    The Court Should Dismiss Plaintiff's Direct Copyright Infringement
Claim Based on Fair Use

Should the Court disagree with La Marque and find that Plaintiff has alleged sufficient

facts to support both elements of its copyright infringement claim, the Court nonetheless should

dismiss Plaintiff's direct infringement claim because La Marque's use of *Skill With People*

constitutes fair use.  At the motion to dismiss stage, courts may dismiss copyright infringement

claims based on the affirmative defense of fair use.  *See TCA Television Corp. v. McCollum*, 839

F.3d 168, 178 (2d Cir. 2016); *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013); *Hughes*

*v. Benjamin*, 437 F. Supp. 3d 382, 389 (S.D.N.Y. 2020).  In doing so, the Court's task is to

determine whether "the facts necessary to establish the defense are evident on the face of the

complaint," including any materials properly incorporated into the complaint.  *See Kelly-Brown*,

717 F.3d at 308; *see also, e.g., Clark v. Transp. Alts., Inc*., 2019 WL 1448448, at *2–5 (S.D.N.Y.

Mar. 18, 2019) (dismissing complaint pursuant to Rule 12(b)(6) based on fair use defense after

conducting a side-by-side analysis of the two works attached to the complaint).

The doctrine of fair use, codified at 17 U.S.C. § 107, provides it is not infringement when

a defendant uses the copyrighted work for purposes "such as criticism, comment, news reporting,

teaching (including multiple copies for classroom use), scholarship, or research, is not an

infringement of copyright."  17 U.S.C. § 107.  To determine whether the use of a work in any

particular case is a fair use the factors to be considered are: (i) the purpose and character of the

use, including whether such use is of a commercial nature or is for nonprofit educational

purposes; (ii) the nature of the copyrighted work; (iii) the amount and substantiality of the

portion used in relation to the copyrighted work as a whole; and (iv) the effect of the use upon

the potential market for or value of the copyrighted work.  *Id*.  Here, the Complaint's allegations,

the language in *Skill With People*, and La Marque's audio recording transcripts, establish the

requisite facts to establish fair use.

***Purpose and Character of the Use***.  The main inquiry on the first factor is whether the

infringing work "supersedes the objects of the oridinal" or "instead adds something new, with a

18

further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is 'transformative.'" *See Campbell v. Acuff–Rose Music, Inc*., 510 U.S. 569, 576–77 (1994).  "[T]he more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use."  *Id*. at 579.  Although La Marque's audio recordings had certain commercial value, a comparison between *Skill With People* and La Marque's audio recording transcripts indicate that the audio recordings were highly transformative, which weighs in favor of fair use.  The purpose of *Skill With People* is to provide readers with generalized knowledge and techniques on how to communicate with people personally and professionally.  In comparison, La Marque's audio recordings are aimed specifically at how Primerica's sales representatives could utilize the ideas and techniques articulated in *Skill With People*—which are unprotected elements of Plaintiff's copyrighted work—to excel in their careers.  *See generally* La Marque Decl., Exs. 4-7.  La Marque's audio recordings are further transformative because they include personal anecdotes and stories of his own experiences where these communication skills benefitted him.  Therefore, the first factor supports a finding of fair use.

> ***Nature of the Copyrighted Work***.  This factor supports a finding of fair use because *Skill With People* is a published factual work.  *See Stewart v. Abend*, 495 U.S. 207, 237 (1990) ("In general, fair use is more likely to be found in factual works than in fictional works."); *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 564 (1985) (noting that even substantial quotations could qualify as fair use in a review of a published work that has already been disseminated to the public).

> ***Amount and Substantiality of Portion Used***.  As discussed above, La Marque's use of *Skill With People* was de minimis.  Thus, the "the amount and substantiality of the portion used in relation to the copyrighted work as a whole" weighs in favor of a finding of fair use.

> ***Market Effect***.  This factor "requires the court to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and

19

widespread conduct of the sort engaged by the [alleged infringer] ... would result in a substantially adverse impact on the potential market' of the original." *Campbell*, 510 U.S. at 590.  The Complaint itself alleges facts that support a finding of fair use as to this factor.  In the Complaint, Plaintiff alleges that La Marque called *Skill With People* "one of the best all-time books that a Primerica person could read," and that La Marque was re-selling *Skill With People* on his own website.  Common sense supports a finding that La Marque's promotion of *Skill With People*, which is further made clear in the audio recording transcripts where La Marque provides attribution to Mr. Giblin and encourages his listeners to purchase a copy of *Skill With People* to read every day for twenty-one days, would increase the demand for Plaintiff's book.  *See* La Marque Decl. ¶¶ 22, 24, 25, Ex. 4, at 79-80; Ex. 5 at 2:3-3:11, 89:17-94:9; Ex. 6, at 20:12-22:12; Ex. 7, at 2:7-4:1, 8:24-9:2, 25:3-10; *Ty, Inc. v. Publ'ns Int'l Ltd*., 292 F.3d 512, 517 (7th Cir. 2002) (reasoning that "book reviews that quote from ("copy") the books being reviewed increase the demand for copyrighted works; to deem such copying infringement would therefore be perverse, and so the fair-use doctrine permits such copying.")  Therefore, this factor supports fair use.

Quite simply, an analysis of the four statutory fair use factors, and the general purpose of the copyright laws and the fair use defense leads, to the conclusion that, as a matter of law, even if Plaintiff could show substantial similarity, it cannot state a claim for copyright infringement against La Marque because any such similarity is protected fair use.  For this additional reason, the Complaint should be dismissed.

## C.   Because the Complaint Fails to State a Claim for Direct Copyright Infringement, Plaintiff's Claims for Contributory and Vicarious Copyright Infringement Also Fail

To adequately allege contributory or vicarious liability for copyright infringement, Plaintiff must first adequately allege direct infringement by La Marque, Primerica Defendants or another third-party.  *See Parker v. Yahoo!, Inc*., 2008 WL 4410095, at *5 (E.D. Pa. Sept. 25, 2008) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 930 (2005)

("At a minimum, a claim of vicarious infringement or contributory infringement cannot stand without plausible allegations of third-party direct infringement."); *Arista Records, Inc. v. Flea World, Inc*., 2006 WL 842883, at *8 (D.N.J. Mar. 31, 2006) ("Any finding of either contributory copyright infringement or vicarious liability by this Court hinges on the Court first concluding that vendors in the Market have directly infringed Plaintiffs' copyrighted sound recordings."). Because La Marque's audio recordings and *Skill With People* are not substantially similar to constitute actionable copying under the Copyright Act, Plaintiff cannot state a claim for direct copyright infringement by La Marque, and its claims for contributory infringement and vicarious infringement against La Marque must be dismissed.

**D.**     **The Complaint Fails to State a Claim for Contributory Copyright Infringement**

To allege a claim of contributory copyright infringement, a plaintiff must allege: (1) direct copyright infringement of a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) material contribution to the infringement.  *See Columbia Pictures Indus., Inc. v. Redd Horne, Inc*., 749 F.2d 154, 160 (3d Cir. 1984).  Plaintiff's conclusory allegations in support of its contributory copyright infringement claim are insufficient to survive a Rule 12(b)(6) motion to dismiss.

A defendant "infringes contributorily by intentionally inducing or encouraging direct infringement." *Grokster*, 545 U.S. at 930.  The Complaint alleges that "in addition to directly organizing and effectuating such infringing activities, Defendants each also induced, caused, and materially contributed to infringing conduct both by each other and by third parties." (Compl. ¶ 85.)  Plaintiff fails, however, to identify those "third parties" that La Marque purportedly encouraged to infringe Plaintiff's copyright in *Skill With People*.  In this regard, Plaintiff's contributory infringement claim is insufficient because La Marque cannot have "knowledge" that the third-parties were directly infringing Plaintiff's copyright without knowing who those third-parties even are.

Moreover, Plaintiff also fails to allege any "active steps" that La Marque took to

encourage the other Defendants' alleged infringement.  *See AMC Tech., L.L.C. v. SAP AG*, 2005 WL 3008894, at *5 (E.D. Pa. Nov. 3, 2005) ("'Evidence of active steps taken to encourage direct infringement, such as . . . instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe . . . .' ") (quoting *Grokster*, 545 U.S. at 915-16).  For these reasons, Plaintiff's allegations are woefully insufficient to state a contributory infringement claim.  *See, e.g., Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 796 (9th Cir. 2007) (failure to establish a direct causal connection between a defendant's conduct and direct infringement by a third party is fatal to a contributory infringement claim).  The failure to allege these necessary facts requires dismissal of Plaintiff's contributory copyright infringement claim.

### E.     The Complaint Fails to State a Claim for Vicarious Copyright Infringement

To state a claim of vicarious copyright infringement, a plaintiff must allege (1) direct copyright infringement by a third party; (2) an obvious and direct financial interest in the exploitation of the copyrighted materials; and (3) the right and ability to supervise the infringing activity." *Gordon v. Pearson Educ., Inc*., 85 F. Supp. 3d 813, 823 (E.D. Pa. 2015).  A claim for vicarious copyright infringement will be dismissed when the complaint alleges "formulaic recitations of the elements of a vicarious copyright infringement claim *with no factual averments* to support a plausible inference that Defendant had the right or ability to prevent infringing conduct of unidentified third parties."  *See Gordon*, 85 F. Supp. at 824 (emphasis added).

Here, the Complaint alleges that "Defendants supervised and facilitated the infringing and illegal activity described in this Complaint, and had the right and ability to control it." (Compl., ¶ 100.)  Again, Plaintiff fails to point to any specific facts that show how La Marque had the right of ability to prevent infringing conduct of third parties or who those third parties even were.  These allegations are the "formulaic recitations" that are insufficient to state a claim. Therefore, the Court should dismiss Plaintiff's vicarious copyright infringement claim.  *See also Parker v. Paypal, Inc*., 2017 WL 3508759, at *5 (E.D. Pa. Aug. 16, 2017) (dismissing vicarious copyright infringement claim because the allegations were conclusory).

22

**F.**     **Plaintiff's Common Law Right of Publicity Fails as a Matter of Law**

Plaintiff's right of publicity claim, in all material respects, is another claim for copyright infringement.  In addition to failing to state a right of publicity claim upon which relief can be granted, the Court should dismiss Plaintiff's right of publicity claim because it is preempted by the Copyright Act.  "The Copyright Act preempts state law claims if '(1) the subject matter of the state law claim falls within the subject matter of the copyright laws and (2) the asserted state law right is equivalent to the exclusive right that federal law protects.'"  *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 452 (E.D. Pa. 2015); *see also* 17 U.S.C. § 301(a); *Orson, Inc. v. Miramax Film Corp.*, 189 F.3d 377, 382 (3d Cir. 1999).  "Preemption does not apply if the state law cause of action 'requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display,' rendering it 'qualitatively different' from the copyright claim."  *Grace Consulting, Inc.*, 307 F.3d at 217.  However, "[n]ot every extra element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law."  *Id.*

Under New Jersey law, a violation of the common law right of publicity requires that Plaintiff show that (i) it owns an enforceable right in the identity or persona of the person at issue; (ii) the identity is being used without permission in an identifiable way; and (iii) the use is likely to damage the commercial value of that identity.  *See Prima v. Darden Rests., Inc.*, 78 F.Supp.2d 337, 349 (D.N.J. 2000).  While Plaintiff will undeniably argue that a showing of these elements are distinct from the requirements of its copyright infringement claims, the Complaint's allegations make clear that Plaintiff's right of publicity and copyright infringement claims are one in the same.

To meet the first element of its right of publicity claim, Plaintiff alleges that it owns the right to the "Giblin Likeness" which is defined as "Mr. Giblin's *books and courses* [that] are disseminated through multiple, global distribution channels and platforms, for individual use and bulk sales, *in print, digital and audio forms*, bearing the name or likeness of Mr. Giblin, and widely *renowned titles* used across one or more categories of products.  (Compl., ¶ 36.)  In all

23

material respects, the "Giblin Likeness," as defined in the Complaint, is equivalent to the

definition of a "literary work" under the Copyright Act.  A "literary work" under the Copyright

Act means "works, other than audiovisual works, expressed in words, numbers, or other verbal

or numerical symbols or indicia, regardless of the nature of the material objects, such as books,

periodicals, manuscripts, phonorecords, film, tapes, disks, or cards, in which they are embodied."

17 U.S.C. § 101.  As such, the subject matter of Plaintiff's right of publicity claim clearly falls

within the subject matter of copyright law.

 The Complaint also alleges that La Marque violated Plaintiff's right of publicity by using

the Giblin Likeness—*i.e.*, Mr. Giblin's literary works—in connection with the audio recordings

without attribution, giving "the false impression that the content is their original work."

(Compl., ¶¶ 57, 58.)  Plaintiff's right of publicity claim appears to be premised on a reverse

passing off theory, which occurs when a defendant "misrepresents someone else's goods or

services as his own."  *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23, 28

(2003).  However, claims premised on a "reverse passing off" theory are routinely found to be

preempted by the Copyright Act.  *See Schiffer Publ'g, Ltd. v. Chronicle Books*, LLC, 350 F.

Supp. 2d 613, 620 (E.D. Pa. 2004); *Quadratec, Inc. v. Turn 5, Inc*., 2015 WL 4876314, at *12

(E.D. Pa. Aug. 13, 2015) (finding that a reverse passing off claim was preempted by the

Copyright Act because both claims allege that the defendant made unauthorized copies of the

copyrighted work for use on its website and catalogs); *Tech. Based Solutions, Inc. v. Elecs. Col1.

Inc*., 168 F.Supp.2d 375, 379 (E.D.Pa.2001).  Because Plaintiff's right of publicity claim is

nothing more than a claim for unauthorized copying of *Skill With People*, it is preempted

because, in addition to falling within the subject matter of the Copyright Act, the asserted rights

are of copying *Skill With People* and creating derivative works (i.e., the audio recordings) are

essentially equivalent to the exclusive rights granted in Section 106 of the Copyright Act.

Therefore, the Court should dismiss Plaintiff's right of publicity claim as preempted.

 Should the Court disagree, the Court should also dismiss Plaintiff's right of publicity

claim for failure to state a claim.  As stated above, to state a common law right of publicity claim

under New Jersey law, Plaintiff must allege, *inter alia*, that La Marque was using the Giblin

Likeness in an "identifiable way" and that La Marque's use "is likely to damage the commercial

value of that identity.  *See Prima* 78 F.Supp.2d at 349.  Here, Plaintiff fails to allege how La

Marque used the Giblin Likeness in an "identifiable way."  To the extent that the right of

publicity claim is premised on La Marque's mere mention of Mr. Giblin or use of the title *Skill*

*With People*, this alone does not constitute a showing of appropriation under New Jersey law.

*See Bisbee v. John C. Conover Agency, Inc.*, 186 N.J.Super. 335, 452 (1982); *see also Obado v.*

*Magedson*, 2014 WL 3778261, at *7 (D.N.J. July 31, 2014), *aff'd*, 612 F. App'x 90 (3d Cir.

2015) (finding it was not unlawful to use a person's name primarily for the purpose of

communicating information because, "[t]o find otherwise would allow any Internet search engine

to face a claim from anyone whose name or image appears on the Internet in a way that person

does not like.")

Lastly, the Complaint's conclusory allegation that "Plaintiff suffered damages as a result

of Defendants' violation of Plaintiff's rights" (Compl., ¶ 113) is not reasonably supported by the

facts raised elsewhere in the Complaint.  Rather, the allegations support the opposite conclusion

given that La Marque's promotion of *Skill With People*, which he called "one of the best all-time

books that a Primerica person could read," to "tens of thousands of Primerica sales agents" and

listing the book for sale on his website would *increase* the commercial value of the Giblin

Likeness.  (Compl., ¶¶ 6, 9-11, 38, 49-50.)  Therefore, the Court should dismiss Plaintiff's right

of publicity claim.

### G.    Leave to Amend Plaintiff's Complaint Would Be Futile

"[L]eave to amend need not be granted when amending the complaint would clearly be

futile."  Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001); see also Alston v. Parker, 363

F.3d 229, 235 (3d Cir. 2004).  Because nothing Plaintiff could allege in an amended complaint

could change the fact that La Marque's audio recordings are not substantially similar to the

protectable elements of *Skill With People* and no new allegations could change the fact that

Plaintiff's right of publicity claim is preempted by the Copyright Act, Plaintiff's claims should be dismissed with prejudice and without leave to amend.  *See, e.g., Campbell v. Walt Disney Co.*, 718 F.Supp.2d 1108, 1116 (N.D. Cal. 2010) (denying leave to amend where the works were not substantially similar); *Foss v. Hayward Indus.*, 384 F. Supp. 3d 132, 134 (D. Mass. 2019) (denying leave to amend where the state law claims were preempted by federal copyright law).

## V.     CONCLUSION

For the foregoing reasons, La Marque respectfully requests that the Court grant this motion and dismiss the Complaint for lack of personal jurisdiction or, in the alternative, dismiss the Complaint without leave to amend or order Plaintiff to file an amended complaint with a more definite statement.[5]

Respectfully submitted,

*/s/ Elaine S. Kusel*
Elaine S. Kusel, Esq. (Atty. Id. 319302020)
McCUNE WRIGHT AREVALO, LLP
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 888-1203
Facsimile:  (909) 557-1275
Email: esk@mccunewright.com

*/s/ Stephen G. Larson*
Stephen G. Larson (*Pro Hac Vice Pending*)
Richard C. Harlan (*Pro Hac Vice Pending*)
LARSON LLP
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 436-4888
Email: slarson@larsonllp.com
Email: rcharlan@larsonllp.com
*Attorneys for Defendant Hector M. La Marque*

---

[5] In the event the Court declines to dismiss Plaintiff's Complaint pursuant to either Rule 12(b)(2) or 12(b)(6), La Marque respectfully requests that the Court order Plaintiff to file an amended complaint to provide clarity as to which Defendants committed the certain acts of copyright infringement.  *See Beom Su Lee v. Karaoke*, 2019 WL 2537932, at *11 (D.N.J. June 19, 2019) ("Courts in this district have dismissed complaints when the contain improper "group pleading. This type of pleading fails to satisfy Rule 8 "because it does not place Defendants on notice of the claims against each of them.").