# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| |  |
|---|---|
| **LES GIBLIN LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **HECTOR M. La MARQUE, PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC, PFS INVESTMENTS, INC., and PRIMERICA CONVENTION SERVICES, INC.,** <br><br> Defendants. | Case No.: 2:20-cv-13827-WJM-MF <br><br> **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This action arises out of Defendant Hector M. La Marque's ("La Marque") and non-moving co-defendants Primerica, Inc., Primerica Financial Services, LLC, PFS Investments, Inc., and Primerica Convention Services, Inc. (collectively, the "Primerica Defendants", and together with La Marque, the "Defendants") alleged infringement of Plaintiff Les Giblin LLC's ("Plaintiff") copyrighted material in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* and right of publicity under New Jersey state common law. The matter comes before the Court on La Marque's motion to dismiss (the "Motion") the Complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. ECF No. 8. For the reasons set forth below, the Motion is **DENIED**.

### I. BACKGROUND[1]

Plaintiff is a New Jersey limited liability company that owns and manages the copyrighted works of Leslie T. Giblin. Compl. at ¶¶ 2, 18, ECF No. 1. Mr. Giblin was an award-winning salesman, speaker, and author of books related to communication and business relationships. *Id.* at ¶ 1. Among Mr. Giblin's copyright works now owned and managed by Plaintiff is the book *Skill With People*, which is at the center of the present case.

Defendant La Marque is a Senior National Sales Director with co-defendant Primerica, Inc. who provides certain investment services in twenty-one states, certain insurance services in six states, as well as certain automobile and homeowner insurance services throughout the United States. *Id.* at ¶ 23. In addition to these services, La Marque also works to provide the "Primerica Business Opportunity" throughout the country, by which he recruits, or trains others employed by the Primerica Defendants to recruit, additional salespeople in order to increase revenue generation. *Id.* at ¶¶ 23, 40-42. La Marque is a FINRA regulated broker and

---

[1] Unless otherwise indicated, the following facts are taken from the complaint and documents attached thereto and are accepted as true for the purposes of this Opinion.

"registered representative" of co-defendant PFS Investments, Inc. at its Arizona office, and supervises a group of 341 Regional Vice Presidents and 10,000 sales agents affiliated with the Primerica Defendants. *Id.* at ¶¶ 10, 24. La Marque has residences in Las Vegas, Nevada, Scottsdale, Arizona, and Glendale, California. *Id.* at ¶ 25.

In connection with his business activities, particularly in reference to the Primerica Business Opportunity, La Marque would frequently recite passages from or refer to *Skill With People* during speaking engagements before the Defendants' sales agents at various sales conventions or business conferences, both with and without attribution. *Id.* at ¶¶ 56-63. In addition to the public display and performance of portions of *Skill With People* at these sales conferences and conventions, these presentations were recorded and subsequently uploaded to the Defendants' YouTube® channels. *Id.* at ¶ 56. Defendants also copied portions of *Skill With People* in posts to their social media accounts and would use copyrighted works owned by Plaintiff in their sales techniques, procedures, and training. *Id.*

Finally, La Marque maintains his own website www.hectorlamarque.com in which he, among other things, sold copies of *Skill With People* and audio recordings which incorporate substantially all of the text of *Skill With People* without Plaintiff's consent. *Id.* at ¶ 51. The book itself was listed as "out of stock" on the website, which provided links to the audio recordings instead. *Id.* at ¶ 53. The listings for these audio recordings, in turn, included the title of the book *Skill With People* and were available for purchase at half of the purchase price of a physical copy of *Skill With People* listed on the website. *Id.* at 53.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP"), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of showing facts sufficient to establish personal jurisdiction over each defendant. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). Upon a defendant's challenge to the Court's exercise of personal jurisdiction, a plaintiff may only satisfy this burden "through sworn affidavits or other competent evidence" – reliance on pleadings and allegations alone is insufficient. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984). Where, as here, the Court has not held an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, "the plaintiff need only establish a prima facie case of personal jurisdiction and . . . is entitled to have its factual allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

### B. Fed. R. Civ. P. 12(b)(6)

FRCP 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under FRCP 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn

2

therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

La Marque moves to dismiss the Complaint as against himself under both FRCP 12(b)(2) for lack of personal jurisdiction as well as FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. The Court addresses each potential ground for dismissal in turn, beginning with whether the exercise of jurisdiction over La Marque is proper.

### A. Motion to Dismiss for Lack of Personal Jurisdiction

La Marque challenges the Court's personal jurisdiction over him, arguing that he is not a resident of New Jersey and has neither conducted nor directed any activity in or towards New Jersey. Mot. at 6. Plaintiff disagrees and argues that La Marque has directed substantial business activities towards New Jersey through the thousands of Primerica sales agents that work under him, online social media activity, sales of his allegedly infringing audio recordings to New Jersey residents, and as a result of his intentional infringement of a New Jersey company's intellectual property rights under the "effects" test of *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The Court concludes that Plaintiff has not quite established a prima facie case of personal jurisdiction, but that jurisdictional discovery is warranted before dismissal of the claims against La Marque.

A federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). In turn, due process requires that for jurisdiction over a nonresident defendant to be proper, such defendant must have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436-37 (3d Cir. 1987) (alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The exercise of personal jurisdiction may be either general or specific, *Chavez v. Dole Food Co.*, 836 F.3d 205, 222-23 (3d Cir. 2016); however, because Plaintiff appears to concede that it has not established

3

facts sufficient to confer general personal jurisdiction over La Marque, the Court will focus on whether the La Marque is subject to specific personal jurisdiction.[2]

### 1. Specific Jurisdiction Over La Marque

Specific jurisdiction over a defendant exists "when the cause of action arises from the defendant's forum related activities." *Id.* at 223 (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996)). In determining whether specific jurisdiction exists over La Marque, the Court engages in a three-step inquiry. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the Court must determine whether La Marque has "purposefully directed his activities" towards New Jersey. *Burger King Corp. v. Rudzewicz*, 471 U.S. 46, 472 (1985). Second, Plaintiff's claims against La Marque must "arise out of or relate to" those activities. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020). Finally, if the first two requirements are met, the Court must consider "whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*, Civ. A. No. 3:08-cv-1627-FLW, 2009 WL 235044, at *2 (D.N.J. Jan. 29, 2009) (alteration in original) (quoting *Burger King*, 471 US at 476).

The Court finds that Plaintiff has not established that La Marque has purposefully directed his activities towards New Jersey such that jurisdiction would be proper. To satisfy this first element of specific jurisdiction, La Marque "must have 'purposefully avail[ed him]self of the privilege of conducting activities within [New Jersey].'" *Olsen v. Ratner Cos.*, Civil No. 20-03760 (RBK/KMW), 2021 WL 912896, at *2 (D.N.J. Mar. 10, 2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). To meet this threshold, physical entrance is not required, *Burger King*, 472 U.S. at 476; rather, La Marque must have deliberately targeted his conduct towards New Jersey, *O'Connor*, 496 F.3d at 312. In other words, the basis for specific jurisdiction must be the result of intentional conduct by La Marque directed towards New Jersey rather than mere "random, fortuitous, or attenuated contacts" with the state. *Burger King*, 472 U.S. at 475. To that end, "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *Olsen*, 2021 WL 912896, at *2 (citing *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542-43 (3d Cir. 1985)). Likewise, the "unilateral activity of those who claim some relationship with" La Marque is insufficient to confer personal jurisdiction over him. *O'Connor*, 496 F.3d at 317.

With these principles in mind, the Court turns to each of the contacts Plaintiff argues support jurisdiction in this case.

#### a. La Marque's Business-Related Activities

Plaintiff argues that La Marque's "conduct in his position at Primerica[, Inc.]" as a Senior National Sales Director establishes sufficient contacts with New Jersey to confer personal jurisdiction because certain Primerica sales agents who may or may not work under

---

[2] Plaintiff has neither alleged nor established that La Marque maintains the "continuous and systematic" contacts with New Jersey necessary to render him subject general personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

his supervision reside in New Jersey and because La Marque's training and sales motivation techniques that utilize Plaintiff's copyrighted works to promote the Primerica Business Opportunity have invariably had some effect on or in New Jersey. Opp'n at 20-21. The Court disagrees.

At the outset, even assuming some of the sales agents who work under La Marque's supervision or have otherwise received his training with respect to the Primerica Business Opportunity in his corporate capacity as a Senior National Sales Director of Primerica, Inc. live and work in New Jersey, their independent, unilateral activity cannot serve to confer personal jurisdiction over La Marque. *O'Connor*, 496 F.3d at 317. Plaintiff has not alleged or otherwise established that La Marque himself trained or recruited such sales agents in New Jersey, and there is no other basis in the record that would support jurisdiction based on these rather attenuated business contacts.

Even if La Marque had trained or recruited sales agents through conferences, meetings, presentations, or speaking engagements in New Jersey, "the law is clear that a corporate officer or agent who has contact with the forum state only with regard to the performance of corporate duties does not thereby become subject to jurisdiction in his or her individual capacity." *Nicholas v. Saul Stone & Co., LLC*, No. 97-860, 1998 WL 34111036, at *10 (D.N.J. June 30, 1998), *aff'd*, 224 F.3d 179 (3d Cir. 2000). Because La Marque's training and marketing of the Primerica Business Opportunity was the business of the Primerica Defendants done "in his position at Primerica," the contacts related thereto cannot be used to "ensnare" La Marque in a "jurisdictional web." *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003). While such contacts are useful in finding jurisdiction over the Primerica Defendants, it is well established that "each defendant's contacts with the forum State must be assessed individually," *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)), and that therefore "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him," *Nelligan v. Zai Corp.*, No. 10-1408, 2011 WL 1085525, at *3 (D.N.J. Mar. 21, 2011). Accordingly, La Marque's business activities with respect to the Primerica Business Opportunity are insufficient to establish jurisdiction.

### b. La Marque's Online Activity

Plaintiff next argues that La Marque's activities on online social media platforms – Twitter in particular – suffice to establish jurisdiction based on apparent online engagements with New Jersey residents. Once again, the Court disagrees.

None of the posts on which Plaintiff relies indicates that La Marque directed his activities towards New Jersey. First, of the posts Plaintiff claims were expressly aimed at New Jersey, most do not actually concern La Marque's own conduct, but instead feature only the unilateral activity of people in New Jersey who independently chose to engage with otherwise general public comments made by La Marque by either replying to or "retweeting" them. *See* Christopher Decl. Exs. H, I, AG, AH, AI, AJ, AK, AM; *O'Connor*, 496 F.3d at 317. Second, although Plaintiff does identify several posts in which La Marque references *Skill With People*, including several in which he appears to solicit or direct people to his own website to purchase the book (which Plaintiff alleges was only available for purchase as an unauthorized

audio recording rather than as a physical hard copy), there is no indication that these general promotions of the book or solicitations of his own website to purchase the book were ever targeted at New Jersey or engaged with by New Jersey residents. *See* Christopher Decl., Exs. G, J, K, L, M, S, T, U, V, W, Y, X, Z; *see also Remick v. Manfredy*, 238 F.3d 248, 259 (3d Cir. 2001) (finding information published on website that was generally accessible worldwide was not sufficiently directed towards New Jersey to confer jurisdiction); *Harris v. Sportbike Track Gear*, Civ. No. 13-6527 (JLL) (JAD), 2015 WL 5648710, at *5 (D.N.J. Sept. 25, 2015) ("Although Planet-Knox's website and social media sites are commercial and interactive, there is no evidence that they were designed to target customers in New Jersey."); *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 612 (D.N.J. 2004) ("[National advertisements not directed at a particular forum, and advertisements which are not direct solicitations, but rather merely 'spread knowledge of defendant's facilities among the general public,' have not been sufficient to establish jurisdiction." (quotations omitted)).

The only evidence of any contact with New Jersey or a New Jersey resident Plaintiff has identified with respect to La Marque's online activities are a nearly eight-year-old video allegedly taken in New Jersey of a meeting between La Marque and another Primerica representative, *Id.*, Ex. P, and a single reply from La Marque to a Twitter inquiry about a planned conference in New York that would feature audience members from both New York and New Jersey, *Id.*, Ex. AL. Plaintiff has not alleged how the former relates to any of the allegedly infringing conduct at issue in this case such that Plaintiff's claims could be said to arise from this contact for jurisdiction purposes. With respect to the latter, there is no evidence that this conference, which the inquiry suggests would be held in New York and not New Jersey, ever took place or, assuming that it did, that any allegedly infringing conduct occurred during it. These isolated, unrelated contacts are insufficient to confer personal jurisdiction over La Marque. *See Machulsky v. Hall*, 210 F. Supp. 2d 531, 542 (D.N.J. 2002) (finding minimal email correspondence did not constitute sufficient minimum contacts for jurisdictional purposes either by itself or in conjunction with single online purchase).

### c. La Marque's Website

Plaintiff argues that La Marque's own website through which the allegedly infringing audio recordings were sold is sufficient to confer personal jurisdiction over La Marque to the extent any New Jersey residents were either registered users on the website or made purchases of the audio recordings therefrom. Opp'n at 24. La Marque denies Plaintiff's allegations, and states that of the forty-four (44) purchases of the allegedly infringing audio recordings from his website, none were from individuals who provided a New Jersey billing address. La Marque Decl. at ¶ 10-11, 13-15. The Court concludes that further facts are needed to determine whether La Marque's website is sufficient to confer jurisdiction in New Jersey.

"'[T]he mere operation of a commercially interactive website' does not confer jurisdiction wherever that website may be accessed." *Kim v. Korean Air Lines Co.*, – F. Supp. 3d – , 2021 WL 129083, at *4 (D.N.J. Jan. 14, 2021) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 454 (3d Cir. 2003)). "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via his web site,

6

or through sufficient other related contacts." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 454 (3d Cir. 2003). In other words, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Under this sliding scale, the Court must "examine 'the level of interactivity and commercial nature of the exchange of information that occurs on the website'" and determine whether such activity established sufficient minimum contacts to confer jurisdiction. *Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211-12 (3d Cir. 2014) (quoting *Zippo*, 952 F. Supp. At 1124).

Here, there is no dispute that La Marque's website is, on some level, commercially interactive and allows visitors to make purchases of the allegedly infringing audio recordings. Plaintiff has not provided any actual evidence as to whether any such purchases were made by New Jersey residents or whether any New Jersey residents have interacted with the website in any other ways which may be relevant to the jurisdictional analysis in this case. However. although La Marque states that no such interaction with a New Jersey resident has occurred, any information relevant to the level of interaction between La Marque and New Jersey residents through his website, if any, is in La Marque's exclusive possession and control and can only be learned by Plaintiff through discovery.

### 2. The "Effects" Test

Finally, Plaintiff argues that jurisdiction over La Marque is proper under the "effects" test of *Calder v. Jones*, *supra*. In essence, Plaintiff argues that because it is a New Jersey company, La Marque's intentional infringement of its copyrighted works was necessarily directed towards New Jersey such that jurisdiction over La Marque is proper. The Court disagrees.

In order to establish personal jurisdiction under the "effects" test, Plaintiff must show: (1) La Marque committed an intentional tort; (2) Plaintiff felt the brunt of the harm in New Jersey such that New Jersey can be said to be the focal point of the harm suffered by it as a result of La Marque's tortious conduct; and (3) La Marque expressly aimed his tortious conduct at New Jersey such that New Jersey can be said to be the focal point of the tortious activity. *IMO Indus.*, 155 F.3d at 265-66. Importantly, the "effects" test in no way softens the requirement that La Marque intentionally direct his conduct towards New Jersey itself. The inquiry still "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). To that end, jurisdiction under the "effects" test does not exist where the plaintiff is "the only link between the defendant and the forum." *Id.*

That is precisely the scenario here. Though Plaintiff is indeed a New Jersey company which may have felt the effect of the alleged violation of its intangible intellectual property rights in New Jersey, these facts alone do not demonstrate that La Marque engaged in any conduct towards the state itself. In other words, though New Jersey may be the focal point of the harm allegedly suffered by Plaintiff, there is no evidence that it is the focal point of the conduct itself that gave rise to that harm. *See Walden*, 571 U.S. at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's

7

conduct connects him to the forum in a meaningful way."). Accordingly, La Marque is not subject to personal jurisdiction in this Court under the *Calder* "effects" test.

### 3. Jurisdictional Discovery

Plaintiff asks the Court to permit jurisdictional discovery into the scope of La Marque's contacts with New Jersey. "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction . . . courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Step Two*, 318 F.3d at 456 (quoting *Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). If Plaintiff has made factual allegations that "suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [La Marque] and [New Jersey],'" the Court should grant Plaintiff's request for jurisdictional discovery. *Id.* (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

Here, the Court finds that Plaintiff has made a threshold showing that discovery is warranted. Plaintiff has alleged that La Marque operates his own website and that sales of the allegedly infringing audio recordings are made from that website. As noted above, whether any such sales have in fact been made to a New Jersey resident is in the exclusive possession and control of La Marque. As such, Plaintiff is entitled to jurisdictional discovery to determine the scope of La Marque's internet contacts with New Jersey.

### B. Failure to State a Claim Upon Which Relief Can be Granted

Because the Court has determined that additional discovery is needed to resolve the outstanding jurisdictional questions, it need not reach the merits of La Marque's motion to dismiss Plaintiff's claims at this time. *See In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017). If, upon the completion of jurisdictional discovery, the Court determines that it does in fact have jurisdiction over La Marque, the parties will be free to renew their arguments as to the sufficiency of Plaintiff's allegations in support of its claims under FRCP 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, La Marque's motion to dismiss the complaint for lack of personal jurisdiction and failure to state a claim, is **DENIED** without prejudice to renew such motion upon the completion of limited jurisdictional discovery. An appropriate Order follows.

Date: May 17, 2020            /s/ *William J. Martini*
                                            **WILLIAM J. MARTINI, U.S.D.J.**